Máximo Rosario Pagán et al., Appellants, *v.* Registrar of Property of Bayamón, Respondent.

No. 1169.   Submitted November 5, 1945.—Decided December 4, 1945.

*Francisco Acevedo* for appellants.

Mr. Justice Snyder delivered the opinion of the court.

This case is here on administrative appeal because of the refusal of the registrar to record a certified copy of a deed of sale on the ground that the said certified copy fails to recite that the 25¢ Bar Association stamp has been affixed to and cancelled on the original deed.

Section 2 of Act No. 170, Laws of P. R. 1939 (p. 862), reads as follows:

"Section 6 of the Act entitled 'An Act to regulate the practice of the notarial profession in Porto Rico,' as amended by an Act of March 10, 1910, is hereby amended to read as follows:

'Section 6.—Notaries shall draft original deeds, issue copies thereof, and form their respective protocols; *Provided,* That it shall be the duty of every notary to affix to, and cancel on, each original

deed that he may execute and the copies thereof that he may issue, a stamp to be adopted and isued by the Bar Association of Puerto Rico, of the denomination of twenty-five (25) cents, the proceeds of the sale of said stamps to be covered into the funds of said association; *And provided, further,* That any original deed, or any copy thereof, to which said stamp has not been affixed shall be considered null for all purposes.' ''

The appellant contends that this Section requires only that the stamp be actually attached to the original and all copies thereof; that the certified copy he presented to the registrar had a stamp attached thereto, and therefore it was not null; and that nothing in the statute requires a recital in the copy that the original also has a cancelled stamp attached thereto.

We are unable to agree with the argument of the appellant. Act No. 170 makes the original null if no such stamp is attached. Accordingly, a certified copy thereof must give a faithful and complete version of the original, including a recital that such a stamp is attached thereto, in order to entitle the certified copy to recordation. Section 18, Mortgage Law; Article 77, Regulations for Execution of Mortgage Law. Since the certified copy here was silent on the question of whether such a stamp was attached to and cancelled on the original, it was the duty of the registrar to refuse to record it.

The appellant also raises the issue that § 2 of Act No. 170 impairs the obligation of contracts and is therefore invalid. A proceeding against a registrar is not the place to make such a contention.

The ruling of the registrar will be affirmed.